IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Ronald E.
LAITSCH, Attorney at Law.

Supreme Court

*No. 87–0556–D. Filed December 7, 1987.*

(Also reported in 415 N.W.2d 836.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Ronald E. Laitsch be publicly reprimanded for professional misconduct consisting of neglect of a client's legal matter, acting in the presence of a conflict of interest by representing both buyers and seller in a real estate and business transaction, representing a client in an action in which the attorney knew he would be called as a witness and representing a party in an action

against a client. We determine that a public reprimand is appropriate discipline for this misconduct.

Attorney Laitsch was admitted to practice law in Wisconsin in 1971 and practices in Watertown. He has not previously been the subject of a disciplinary proceeding. The referee is Attorney S. Michael Wilk.

Attorney Laitsch and the Board of Attorneys Professional Responsibility stipulated to facts on the basis of which the referee made the following findings. In 1983, a couple offered to buy a liquor store, including real estate, inventory and equipment. The offer was accepted by the owner, who had previously been represented by Attorney Laitsch. At the request of buyers and seller, Attorney Laitsch represented both in preparation for and at closing. During that representation, Attorney Laitsch failed to make full disclosure to the buyers of the possible effect of dual representation on the exercise of his independent professional judgment on their behalf.

Some two or three weeks before closing, the buyers learned that the owner of the liquor store had a $7,000 account payable. When the buyers expressed concern to Attorney Laitsch about the store's outstanding bills, Attorney Laitsch told them the seller would sign an affidavit of no creditors at the time of closing. About one week before closing, Attorney Laitsch informed the buyers that the store owed another supplier $17,000 but had reached an agreement for repayment of that amount. Attorney Laitsch again told the buyers that the seller would sign an affidavit of no creditors at closing. Attorney Laitsch failed, however, to advise the buyers of the provisions of Wisconsin's bulk transfer act, chapter 406, Stats., and also that they had a potential successor liability for unpaid retail sales taxes, which the Wisconsin

637

Department of Revenue subsequently asserted against them.

At closing, Attorney Laitsch gave the buyers an affidavit of no creditors signed by the seller, but the affidavit was not notarized. The buyers had requested a title search but were not given a copy of the title opinion until after closing. That opinion indicated three outstanding liens against the real estate.

The buyers paid the seller approximately $67,000 cash and entered into a land contract in the amount of $71,000. Approximately $46,000 of the cash was to be used by the seller to satisfy mortgages on the property, and the buyers believed they were purchasing the real estate and personal property free and clear of all encumbrances except the land contract. However, the buyers subsequently learned that a mortgage on the real estate had not been paid and that the seller had defaulted on the underlying note. The seller had used the cash paid at closing to repay secured commercial installment loans rather than the mortgage loan.

In July, 1984, when the buyers started an action against the seller alleging false representations in the sale, Attorney Laitsch filed an answer and counterclaim on behalf of the seller. After the buyers filed a grievance with the Board of Attorneys Professional Responsibility (Board) concerning Attorney Laitsch's conduct in this matter, the seller obtained other counsel to represent him in the action.

In an unrelated matter, Attorney Laitsch had represented a client and his corporations in numerous dealings. In the spring of 1984, he referred the client to another attorney for representation in a criminal matter pending in federal court. In August of that year the client gave Attorney Laitsch two checks totaling approximately $21,600 for deposit into Attor-

ney Laitsch's trust account and for disbursement for the benefit of the client and pursuant to his instructions. Those checks were subsequently returned for insufficient funds, and Attorney Laitsch then had to borrow money to cover the checks he had written disbursing the funds from his trust account.

As a result of the dishonor of the client's checks, the relationship between attorney and client deteriorated. Attorney Laitsch discussed with another attorney the latter's assuming all legal matters for the client and his corporations, but that attorney did not accept the representation, and Attorney Laitsch retained the client's files.

In October, 1984, Attorney Laitsch, acting as attorney for a sand and gravel company, filed a garnishee summons and complaint against the client and the bank in which he had an account. That same month, Attorney Laitsch telephoned the attorney with whom he had discussed taking over the client's representation to notify him of a first meeting of creditors for one of the client's businesses, on behalf of which he had commenced bankruptcy proceedings. He asked the attorney to appear at that meeting on behalf of the debtor and sent him a letter with five substitution of attorney forms for the purpose of transferring five of the client's legal matters. The attorney told Attorney Laitsch that he would not appear at the first meeting of creditors and would not execute the substitution of attorney forms because the client had not signed them. Attorney Laitsch appeared on the debtor's behalf at the first meeting of creditors.

On the basis of these facts, the referee concluded that, by accepting and continuing representation of both buyers and seller in the liquor store sale, a

639

matter in which his independent professional judgment was or was likely to be adversely affected by the dual representation, without giving full disclosure to the clients, Attorney Laitsch violated SCR 20.28. Further, the referee concluded, his representation of the seller in the action commenced by the buyers, knowing he would be called as a witness, violated SCR 20.24(2) and constituted a conflict of interest, in violation of SCR 20.28(1). The referee also concluded that Attorney Laitsch neglected the buyers' legal matter, in violation of SCR 20.32(3), and that his acceptance of employment as attorney for the sand and gravel company in an action against his client violated SCR 20.28(1) and his use of a confidence of the client to garnishee the client's bank account violated SCR 20.22(1)(b) and (c).

We adopt the referee's findings of fact and conclusions of law in this matter. In determining appropriate discipline for Attorney Laitsch's misconduct, we note the following facts in mitigation of the seriousness of that misconduct.

Attorney Laitsch cooperated with the Board in its investigation into these matters, and this is the first time he has been involved in a disciplinary matter. The buyers of the liquor store business subsequently brought a malpractice action against Attorney Laitsch which involved many of the same factual matters present in this disciplinary proceeding. In that action, the jury apportioned negligence 70 percent to the clients and 30 percent to Attorney Laitsch. Further, the buyers did not sustain any out-of-pocket loss as a result of Attorney Laitsch's representation: they did not have to pay any of the seller's debts for inventory, were not held responsible for unpaid sales taxes, and assumed the mortgage in lieu of the land contract,

which resulted in a $19,000 net reduction of their payment.

In the second matter, after the attorney-client relationship of trust and confidence was seriously damaged by the dishonor of the client's checks deposited into his trust account, Attorney Laitsch attempted to terminate the professional relationship but was unsuccessful. When this became apparent, he continued to represent the client's corporation. There was no objective evidence that Attorney Laitsch undertook to represent the sand and gravel company to collect the client's debt in order to retaliate against the client.

We determine that a public reprimand is the appropriate disciplinary response to Attorney Laitsch's misconduct in these matters.

IT IS ORDERED that Attorney Ronald E. Laitsch is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Ronald E. Laitsch pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of Attorney Ronald E. Laitsch to practice law in Wisconsin shall be suspended until further order of the court.